UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEFANI BENNETT,<br><br>Defendant. | Case No. 4:16-cr-00212-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Stefani Bennett's motion for early termination from supervised release. Dkt. 27. The Government does not oppose the motion. Dkt. 30. The Probation Office "neither supports nor contest early termination and will remain neutral in the matter." Dkt 27 at 2. For the reasons explained below, the Court will grant the motion.

## BACKGROUND

Ms. Bennett pled guilty to embezzlement by a bank employee in violation of 18 U.S.C. § 656. On February 28, 2017, the Court sentenced her to 15 months incarceration followed by 5 years of supervised release. The Court also ordered Ms. Bennet to pay $116,945 in restitution. Ms. Bennett was released from the

MEMORANDUM DECISION AND ORDER - 1

Bureau of Prisons and began her supervision on May 4, 2018. There have been no issues of non-compliance during her term of supervised release.d She finished paying the restitution on May 17, 2021. Ms. Bennett's supervision is scheduled to expire May 3, 2023.

## DISCUSSION

Because Ms. Bennett has served more than a year of supervised release, the Court may terminate supervised release if it determines "that such action is warranted by the conduct of the defendant [to be] released and [is in] the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other rehabilitation treatment; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

After having considered these factors, the Court concludes that the interests of justice warrant early termination of supervision. Ms. Bennett has

MEMORANDUM DECISION AND ORDER - 2

performed very well on supervision; she does not need supervision in terms of training or medical care; and she has a fulltime job. The Court will therefore grant this unopposed motion.

## ORDER

**IT IS ORDERED that:**

1. Defendant's motion for early termination from supervised release (Dkt. 27) is **GRANTED**.

DATED: April 15, 2022

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3